### WEINBERG v. STRATTON.

STIPULATIONS—TIME—DATES—VARIANCE.

In an action of assumpsit based upon an alleged oral assignment of wages by one of defendant's employés to plaintiff, it was error to charge the jury that a stipulation as to the facts in the case reserving for trial only the question of what was said between plaintiff and his assignor on a day specified, when the alleged assignment took place, limited plaintiff to proof of such conversation on the day named in the stipulation only, and that evidence of what was said on a subsequent date about the same time was incompetent.

Error to Cheboygan; Shepherd, J. Submitted June 17, 1912. (Docket No. 103.) Decided October 1, 1912.

Assumpsit by Max H. Weinberg against De Forrest A. Stratton for wages of one of defendant's employés assigned orally to plaintiff. Judgment for defendant. Plaintiff brings error. Reversed.

*Maxwell W. Benjamin*, for appellant.

*Henry, Henry & Henry*, for appellee.

OSTRANDER, J. As a basis for credit, one Charles Warren gave plaintiff a written order upon defendant, who was Warren's employer, dated March 13, 1908, reading:

"Please pay my wages to Max H. Weinberg hereafter until further notice."

Defendant accepted the order. Plaintiff thereupon sold Warren goods upon credit. Warren countermanded the order January 4, 1909. Learning of this, plaintiff notified defendant that he was entitled to all of Warren's wages until his (plaintiff's) account was paid in full. Defendant, after receiving this notice, continued to pay Warren his wages. Plaintiff claimed there had been a parol assignment to him by Warren of all of his wages to pay the

existing and future account, and sued defendant. There
was a trial, which resulted in a verdict and judgment for
defendant. In this court the judgment was reversed, be-
cause the trial court had denied to plaintiff the right to
give in evidence a certain conversation which plaintiff
claimed would have established a parol assignment to
plaintiff of the wages. *Weinberg* v. *Stratton*, 163 Mich.
408 (128 N. W. 926).

Counsel had originally made, for the use of the trial
court, a stipulation of facts which contains the following:

"On March 11, 1906, one Charles Warren was indebted
to the plaintiff in the sum of fifteen and $\frac{42}{100}$ dollars
($15.42), and sought to get further credit from the plain-
tiff, which was refused. Plaintiff and Warren then had a
conversation, wherein it was arranged that the said War-
ren could obtain further credit upon certain conditions.
(As to this conversation the parties hereto cannot agree,
and each expressly reserves the right to introduce testi-
mony to show this conversation.)"

Further along in the stipulation, the subject is again
referred to in these words:

"It is hereby stipulated and agreed by and between the
attorneys for the respective parties in the above-entitled
cause that the foregoing stipulated facts, except as other-
wise stated, are the facts in this case. Both parties, how-
ever, reserving the right to produce witnesses for the pur-
pose of showing the conversation between plaintiff and
Charles Warren on the 11th day of March, 1908, preced-
ing the giving of the order dated March 13, 1908, and
that the court shall make a finding of facts as to what
that conversation was, which, in addition to the agreed
facts herein set forth, shall constitute the facts in this
case."

Upon the last trial a jury was called, and the attorney
for defendant asked that, as the stipulation of facts was pre-
pared in view of a trial by the court, each party should
be permitted to produce testimony for the consideration of
the jury upon any of the issues involved; the stipulation
being also read to the jury. Especial reference was made
by counsel for defendant to the facts surrounding and

leading up to the giving of the written order upon defendant by his employé, Warren. The attorney for plaintiff objected to a departure from the stipulation and its terms, and the court agreed with him. Thereupon witnesses were produced and testimony given upon the subject of the conversation referred to in the stipulation. Plaintiff testified to a conversation occurring on March 13, 1908, and that one occurred a few days earlier, but at a date not remembered by the witness. In answers to special questions, the jury found that Warren did not, on March 11, 1908, assign and transfer to plaintiff his wages, to be earned from defendant, until plaintiff's account was paid in full, by reason of a conversation independent of the written assignment; and they found that there were not two conversations between plaintiff and Warren, one on March 11, 1908, and the other later. They were instructed:

"Now, first one of the parties here, and then another, attempted to bring in things that took place aside from the 11th day of March; but the parties, before coming here, had made a written agreement, or what lawyers would call a 'stipulation,' whereby it was agreed that no witnesses should be introduced, no testimony should be given, except as to the conversation—that is, no testimony aside from this agreement, aside from the stipulated facts, or facts that were agreed upon—that no testimony should be introduced upon the stand, except as to the conversation between the plaintiff and Charles Warren upon the 11th day of March, 1908. Therefore I struck out all the other evidence, and you are not to consider it. You are to consider only the evidence that was given as to what took place on the 11th day of March, if any was given. If none was given, then your verdict will be for the defendant. If this conversation that Mr. Weinberg swore to in regard to assigning all his wages until Mr. Weinberg's claim was paid in full was had upon the 11th day of March, you will find a verdict for the plaintiff for $57 and the interest, amounting to $6, which would be $63. So your verdict will be either for the plaintiff, $63, or for the defendant, no cause of action. If this conversation took place upon the 11th day of March, whereby he

agreed to transfer his wages until Mr. Weinberg's account was paid in full, your verdict will be for the plaintiff, $63. If that conversation did not take place upon the 11th day of March, your verdict will be for the defendant, no cause of action."

There was a verdict and judgment for defendant. Plaintiff's motion for a new trial was denied.

Plaintiff has assigned 16 errors, which, however, all depend finally upon the proposition that he has again been denied the right to present his testimony concerning, and to properly take the opinion of the jury upon, the subject of the alleged parol assignment to himself of the wages of Warren. He now asserts that he should have the right to give in evidence the conversation between plaintiff and Warren, whether it occurred on March 11th or March 13th, or at some other nearby time. More precisely stated, the contention is that it is *the conversation* which, under the stipulation, he had the right to give in evidence, whether it took place on one day or another. The trial court appears to have been of opinion that in his rulings he was limited by an interpretation of the stipulation by this court. It is not believed that any member of this court intended, in the opinion rendered, to construe or interpret the language of the stipulation, or that the ruling that the trial court "should have admitted the testimony in accordance with the stipulation," found in the majority opinion, can be fairly construed as a direction to exclude any conversation other than one occurring on March 11, 1908. The particular effect and meaning of the stipulation was not a question debated upon the former appeal. The decision in no way turned upon its meaning or its effect. It did turn upon the fact that evidence of a conversation had been excluded. Read as an entirety, in the light of plaintiff's contention, the stipulation reserves the right to go outside the words of the written assignment of wages, and to show what talk or conversation occurred when the arrangement was made between plaintiff and Warren for further credit. The date of the con-

versation, during which the "certain conditions" were fixed, is, it is true, stated in the stipulation. But if it turned out that parties were mistaken in so fixing the date, the plaintiff should not for that reason be debarred from proving the principal fact upon which his contention, and his suit, is rested. It is agreed in the stipulation that they had a conversation, "wherein it was arranged that the said Warren could obtain further credit upon certain conditions."

Manifestly the parties reserved the right to offer testimony of the details of the conversation, in the course of which the plaintiff and Warren arranged about a future credit and an assignment of his wages. The effect of the rulings made at the trial was to exclude all testimony of such a conversation. It cannot be said that the testimony excluded had no tendency to support the theory of plaintiff, and beyond this we need not go. As was held in our former opinion, plaintiff should be permitted to submit as a part of his case the conversation he had with Warren before the written assignment of wages was given.

The judgment is reversed, and a new trial granted.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and BIRD, JJ., concurred.